# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW J. CHILDS,<br><br>      Appellant,<br><br>v.<br><br>LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>      Appellee. | Case No.: 17cv408-JAH (BLM)<br>Bankruptcy No. 15-05416-LA7<br><br>**ORDER VACATING THE BANKRUPTCY COURT'S RULING AND REMANDING FOR FURTHER PROCEEDINGS** |

## INTRODUCTION

Appellant Matthew Childs ("Claimant" or "Appellant") appeals the Feb 13, 2017 order of the United States Bankruptcy Court sustaining the United States' Trustee, Leslie T. Gladstone's ("the Trustee") objection to Child's claim for exemption in a purported retirement account. The order was issued after an evidentiary hearing in which the Bankruptcy Court ruled because Claimant did not provide information, pursuant to 11 U.S.C. §521(4), he failed to carry his burden of proof to show that the funds in the SWS Group /ML Stearn & Co. Deferred Compensation ("SWS Deferred Comp" or "Southwest Sterns") account qualified for exemption under *California Code of Civil Procedure* §703.140(b)(10)(E). For the reasons set forth below, the Court **VACATES** the order of

1

the Bankruptcy court as to the SWS Deferred Comp account and **REMANDS** for further proceedings consistent with this order.

## BACKGROUND

Childs filed a Chapter 7 bankruptcy petition on August 18, 2015 listing two pension or profit-sharing plans: A Morgan Stanley 401k Plan ("401k") in the amount of $57,922.00 and a Morgan Stanley IRA Rollover account ("IRA") in the amount of $50,337.00. *Bnkr. Doc. No*. 24 at 1-3; *Doc. No*. 11-2 at 42-44[1]. Childs amended the petition in September 2015, January 2016 and May 2016. The January 2016 amendment redesignated the IRA as exempt property. *Bnkr. Doc. No*. 24 at 3; *Doc. No*. 11-2 at 44. The May amendment added an insurance policy and two additional profit-sharing plans to Schedule B ("Personal Property"): (1) The National Securities Rollover account in the amount of $61,604.00 and (2) the SWS Deferred Comp account listing a balance of $35,400.00. *Bnkr. Doc. No*. 29 at 4; *Doc. No*. 5-1 at 4. Both profit-sharing plans were also added to Schedule C ("Property Claimed as Exempt"). *Id* at 7. The SWS Deferred Comp account is the subject of this appeal.

The United States Trustee filed an objection to the exemptions claimed on the basis that the funds in the IRA account were misused, no statements for the period of April 1, 2015 to August 18, 2015 were provided for the SWS Deferred Comp plan, and further investigation was required. *Bnkr. Doc. No*. 41-1 at 1-5; *Doc. No*. 5-1 at 11-15. Childs filed an opposition along with a Declaration Opposing Trustee's Objection to Exemption. *Bnkr. Doc. Nos*. 43, 45; *Doc. No*. 5-1 at 32-38. Attached to the declaration as an exhibit was a screenshot of the SWS Deferred Comp Plan reflecting a 100% vested retirement account balance of $35,465.03 as of *January 28, 2016*. *Bnkr. Doc. No*. 45 at 5; *Doc. No*. 5-1 at 41. The screenshot included multiple tabs. *Id*. The SWS Deferred Comp plan appeared under the highlighted tab "My Plans." *Id*. The user then selected the tab entitled "Balance." *Id*.

---

[1] The bankruptcy court's docket and this Court's docket are cited contemporaneously as "*Bnkr. Doc. No*." and "*Doc. No.*" respectively.

Additional options included: Performance, Investments, Transactions, Future Elections, Deferrals, Distributions, and More. *Id*.

At the initial hearing on the objection, the Bankruptcy court ordered Claimant to provide full information for each account claimed. *Bnkr. Doc. No.* 48 at 1; *Doc. No.* 14-1 at 54. In addition, the Trustee requested statements for all retirement accounts for the two-year period preceding the filing of the 2015 Chapter 7 petition. In relation to the SWS account, Claimant emailed Trustee and attached to a declaration seven quarterly account statements for the periods of July 2013 through March 31, 2015. *Bnkr. Doc. No.* 50 at 95-109; *Doc. No.* 5-1 at 156-170. Within each quarterly statement is a section labeled "Account Summary," which separates funds in the "2009 In-Service Account" from the funds in the "2004 Deferred Compensation Plan Retirement Account." *Id*. Within the summary section are columns labeled: Event, Distribution Start Date, Payment Method (lump sum or 10 annual), Beginning Balance, and Ending Balance. *Id*. The word "Retirement" is listed within the column titled Event for the 2004 Deferred Compensation Plan. *Id*. The quarterly statement period ending March 31, 2015 indicates a "Change of Control" as of January 1, 2015 for the "2009 In Service Account" and an Ending Balance of zero. *Bnkr. Doc. No.* 50 at 109; *Doc. No.* 5-1 at 170. The "2004 Deferred Compensation Plan" showed no disbursement dates and reflected an Ending balance of $38,430.54. *Id.* No statements were produced following the quarter in which control changed.

In preparation for the January 24, 2017 evidentiary hearing, the Trustee filed a brief in support of her objections. *Bnkr. Doc. No.* 62 at 1-9; *Doc. No.* 5-2 at 71-79. In short, she argued Appellant "misused" the Morgan Stanley IRA and National Securities IRA, by receiving pre-retirement distributions totaling $237,755.00 and failed to deliver documentation regarding the SWS Deferred Comp account through the petition date to facilitate a determination " whether the Debtor misused the funds in this Account." *Bnkr. Doc. No.* 62 at 4; *Doc. No.* 5-2 at 74. Further, she argued that the withdrawals were not payments on account of any of the listed statutory triggering events and that the exemptions

3

in the Morgan Stanley Rollover IRA, National Securities IRA, and SWS Deferred Comp accounts should be denied.

At the evidentiary hearing, the Court began by setting the ground rules as to which party had the burden of proof. Citing *In re Diaz,* 547 B.R. 329 and referring to the California exemption laws, the Court determined that California state law must be applied inside the Bankruptcy proceeding and therefore the burden of proof lies with the Claimant rather than the Objector. *Doc. No.* 13-2 at 9. Claimant then requested clarification on the specific issue requiring proof.

> **MR. WINFREE**: The objection that has been raised has not challenged these accounts on anything other than the basis that they're saying the debtor has abused his uses under the -- in taking out the particular funds, thus implying that – they're not challenging whether it qualifies for tax exemption. They're not qualifying whether it's covered by 408. They're not challenging any of that. They're primarily challenging that the conduct of the debtor in relation to the accounts disgorges his entitlement to the exemption. That's what I would like to get some clarification. We are in fact addressing the issue of whether his conduct has abused those accounts or otherwise.

*Id*. at 9-10.

As a result of Claimant's request, the court asked the Trustee to clarify the grounds for objection. *Id*. 10. After hearing from the Trustee the court summarized:

> **COURT**: The question was whether it was principally used for retirement purposes or rather the withdrawals basically diminished the assets in the accounts to the [point they cannot] actually not serve for retirement -- long-term retirement. That's basically the *Jacoway* test…

*Id*. at 11. Claimant then testified as to how and for what purpose he used the IRA disbursements. He also testified as to his understanding of the status of each account.

> **Q**: We're going to return to those retirement accounts… At the beginning I believe I heard that you said there was one account transferred three times. Can you explain what that means.
>
> **A**: Ms. Gladstone…she's saying there's three separate retirement accounts. There's not three separate retirement accounts. It's one retirement account moved from firm to firm to firm. It went from Southwest as a 401(k) to Morgan Stanley as an IRA to National Securities as an IRA. It's one account. It's not three separate accounts.

4

> **Q**: I believe I understand the rollover from the Morgan Stanley IRA to the National Securities IRA. I don't understand what happened to the Southwest Stearns Deferred Comp Plan. Where is that?
> **A**: I don't recall. And I don't know… wait a minute. It may -- I don't know. I'm not going to answer that.
>
> **Q**: Debtor's Exhibit C. It talks about the Morgan Stanley 401(k) plan, and it looks like there's a gross distribution of $55,365. Where did that money go?
>
> **A**: I don't recall.
>
> **Q**: Is there anything left in that 401(k) plan?
>
> **A**: Not to my knowledge.
>
> **Q**: Do you have any other accounts, other than the National Securities IRA and perhaps the Southwest Stearns Deferred Comp, that you will use for your retirement?
>
> **A**: No.

Appellant's Ex: 12; *Doc. No.* 13-2 at 39-40. No other testimony or documentary evidence was presented at the hearing in support of Debtor's claim of exemption in the SWS Deferred Comp account. During closing argument Claimant argued:

> **MR. WINFREE**: There has been no testimony whatsoever about the Bear sterns account.…[T]here has been no Evidentiary presentation in relation to that in regards to this particular proceeding, so I think it's -- probably seems to be off the table in this consideration.

*Id*. at 92. In response, the Trustee argued that because she didn't have any information about the SWS account she couldn't address whether it was eligible for exemption. *Id*. at 93. She further claimed that the documents provided were insufficient and argued that the Debtor had not met his burden to prove that the fund qualified. *Id*. Claimant clarified that the SWS Deferred Comp statements previously supplied to the Trustee were also provided to the bankruptcy court and were contained in the record. *Id*. He explained that no additional statements were available. *Id*. at 94. Concluding the hearing, the Court reiterated, "[the SWS Deferred Comp documents] may have been given to [the Trustee] at some point, [but] it wasn't presented in the evidentiary hearing. The burden was on the debtor." *Id*. The matter was taken under submission. *Id*. at 95.

5

After hearing the testimony, considering the arguments by counsel and the evidence presented, the court issued a memorandum decision sustaining in part and overruling in part the Trustee's objections finding: that: (1) the Debtor carried his burden of proof regarding claims of exemption in the IRA accounts under CCP § 703.140 (b)(10)(E) by demonstrating that the IRA accounts were designed and principally used for retirement purposes as of the petition date; and (2) the Debtor did not carry his burden of proof regarding his claim of exemption in the SWS Deferred Comp account. *Doc. No.* 5-2 at 94, 105. Citing *In re Barnes,* 275 B.R. 889, 898-99 (Bankr. E. D. Cal. 202), the Bankruptcy court held:

> As to the SWS Deferred Comp Account, the Debtor has never provided the Trustee with the documents sufficient to permit her to complete her investigation of whether this account is properly exempt under CCP § 703.140(b)(10)(E)….The Debtor is duty-bound under 11 U.S.C. §521(4) to provide the Trustee with the basic documents and records regarding this account. His failure to provide this information will be treated as a failure to carry his burden of proof as to his entitlement to exempt this account.

*Id*. at 104. Claimant's appeal from the order sustaining the Trustee's objection to the claim of exemption for the SWS Deferred Comp account is now before the Court.

## DISCUSSION

### A. LEGAL STANDARD

The order of the Bankruptcy Court as to the right of a debtor to claim an exemption is a question of law and reviewed *de novo. Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 191 (9th Cir. BAP 2014). In addition, the bankruptcy court's interpretation of state exemption laws is reviewed *de novo. Calderon v. Lang (In re Calderon)*, 507 B.R. 724, 728 (9th Cir. BAP 2014). The bankruptcy court's factual findings, for purposes of determining the validity of a claimed exemption, are reviewed under the clearly erroneous standard. *Id.* Factual determinations are clearly erroneous if "illogical, implausible, or without support in the record." *Rets v. Samson* ( In re Retz), 606 F. 3d 1189, 1196 (9th Cir. 2010).

## B. BURDEN OF PROOF: FRBP 4003 AND CCP § 703.580(B)

Under the Federal Rules of Bankruptcy Procedure ("*Fed. Rules Bankr. Proc.*") the objecting party has the burden of proving that the exemptions are not properly claimed. *Fed. Rules Bankr. Proc* Rule 4003(c). Section 522 of Title 11 of the United States Code provides a default list of exemptions but allows states to opt out of the federal scheme and define their own exemptions. California has opted out of the federal exemption scheme and limited Chapter 7 petitioners to the same exemptions debtors may claim in non-bankruptcy cases. *Wolfe v. Jacobson* (In re Jacobson), 676 F.3d 1193 (9th Cir. 2012). Section 703.140(b)(10)(E) of California Civil Procedure protects the debtor's right to receive "a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor...." Section 703.580(b) provides: "At a hearing under this section, the exemption claimant has the burden of proof." Cal. Civil P. Code § 703.580(b).

Appellant relies heavily on *In re Carter*, a Ninth Circuit case holding that a claimed exemption is "presumptively valid" under Rule 4003 and that it is the objecting party's burden to prove the exemption is not properly claimed. 182 F.3d 1027 (9th Cir. 1999). Since then, numerous decisions from the various California district courts and at least one published decision from the Bankruptcy Appellate Panel (BAP) of the Ninth Circuit have addressed this conflict.[2] Most notably in 2016, the Ninth Circuit BAP pointed out that *Carter* was decided *prior* to a U.S. Supreme Court case holding that the burden of proof is a substantive element of a claim and that "bankruptcy does not alter the burden imposed

---

[2] *In re Sinclair*, 563 B.R. 554, 558 (Bankr. E.D. Cal. 2017) ("Debtor has the burden of proof supporting his claimed exemption."); *In re Williams*, 556 B.R. 456, 460 (Bankr. C.D. Cal. 2016) (same); *In re Barnes*, 275 B.R. 889, 898 n.2 (Bankr. E.D. Cal. 2002) (same). *In re Tallerico*, 532 B.R. 774 (Bankr. E.D. Cal. 2015) (holding 4003(c) is invalid in California under the Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, which "forbids rules that alter substantive rights."); *In re Pashenee*, 531 B.R. 834, 839 (Bank. E.D. Cal. 2015) (relied on by the court in the instant case for the holding that the debtor, as the exemption claimant, bears the burden of proof to establish the asset as exempt and the extent to which it applies.)

7

by the substantive law." *Diaz v. Kosmala* (In re Diaz), 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016) (citing *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20-21 (2000)) [3]. In turn, the Ninth Circuit BAP concluded in *Diaz* that "where the state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." *Diaz*, 547 B.R. at 337; *See also In re Ziegler*, No. 8:13-BK-20257-CB, 2016 WL 3267387, at *4 (B.A.P. 9th Cir. June 6, 2016)(reasserting the holding in Diaz and concluding that the burden was on the debtor to show that his amended wildcard exemption for the sale proceeds was proper). In light of *Raleigh*, *Diaz*, and *Ziegler*, the Court finds Claimant's reliance on *In re Carter* is misplaced and that the Claimant bears the burden of proof to establish entitlement to an exemption in the SWS Deferred Comp account under Cal. Civ. Code § 703.140(b)(10)(E).

### C. FACTUAL FINDINGS OF THE BANKRUPTCY COURT

The term "burden of proof" incorporates two distinct burdens: the burden of persuasion and the burden of production. *See, e.g., Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 163 L.Ed.2d 387 (2005). The burden of production is a party's duty to introduce "evidence sufficient as a matter of law to enable a rational fact finder to find that particular proposition of fact is true" and to find in favor of the producing party. Corpus Juris Secundum, Evidence § 189. As Claimant candidly highlights, "there ha[d] been no evidentiary presentation," with regard to the SWS Deferred Comp account. The bankruptcy court determined that the testimonial evidence regarding the possibility that the SWS Deferred Account was rolled over into the National Securities IRA lacked credibility. Great deference is given to the bankruptcy court when factual findings are based on the credibility of witnesses, *In re Retz*, 606 F.3d 1189, 1196 (9th Cir. 2010). However, in this instance, the court did not base its determination on credibility. Nor did the court's written decision

---

[3] The Supreme Court held that when the matter in dispute is governed by non-bankruptcy substantive law, the burden of proof is dictated by that same law.

8

refer to Claimant's failure to present evidence regarding the "misuse" of the SWS Deferred Comp account.

Here, the Bankruptcy judge's factual finding was based entirely upon the Trustees closing argument. The court held that "[d]ebtor has never provided the Trustee with the documents sufficient to permit her to complete her investigation of whether th[e] account is properly exempt under CCP §703.140(b)(10(E)" and the failure to do so was "treated as a failure to carry his burden of proof." *Doc. No.* 5-2 at 104. Regardless of which party carries the burden of proof at the hearing, statements made within the parties' briefs or in closing argument are not admissible evidence. § 101:1 Scope of Rules, Bankr. Evid. Manual § 101:1 (2018 ed.); *In re Seare*, 515 B.R. 599, 616 (B.A.P. 9th Cir. 2014) (brief consisted only of argument, not admissible evidence); *See also In re Hurley*, 258 B.R. 15, 23 (Bankr. D. Mont. 2001) (An attorney's argument is not evidence). *U.S. v. Velarde-Gomez*, 224 F.3d 1062, 1073 (9th Cir. 2000), *rev'd on reh'g en banc*, 269 F.3d 1023 (9th Cir. 2001).

Although the Trustee filed written objections to the claim of an exemption in the SWS Deferred Comp account based on lack of information and the need for further investigation, she changed the nature and scope of her objection at the hearing from that which was presented in her pleadings. At the onset of the hearing, the bankruptcy court, at the request of Claimant, inquired as to the specific grounds for the objection. The Trustee represented that the issue as to each account was "whether the principal purpose is to provide for retirement or to provide for current needs." The scope of the evidentiary hearing was effectively limited to those issues raised under the *Jacoway* test. The direct testimony presented was limited to whether Claimant knew "what happened to the Southwest Stearns Deferred Comp Plan" as of the date of the evidentiary hearing. During closing arguments however, the Trustee represented that it was Debtor's burden to prove eligibility, despite having limited the scope of the hearing to misuse.

No testimony or documentary evidence was presented by either party on whether statements and records were provided to the Trustee, the dates for which those statements

9

and records covered, the terms and restrictions indicated by the documents, or whether the information, including the contacts for the plan administrator, was sufficient for the Trustee to complete her investigation. However, the record indicates that a screenshot of the SWS Deferred Comp account was attached to Claimant's declaration in opposition to the Trustee's objection which supported the need for an evidentiary hearing. The screenshot reflected a 100% vested retirement account as of January 2016, its balance, along with multiple tabs where one could ascertain any disposition of how the account was utilized. At best, the record reflects the representations in the Trustee's closing argument misstated the record regarding the production of documents.

Had the bankruptcy judge sustained the Trustee's objection upon the ground that Claimant had not met his burden of proof as to the use or misuse of the SWS Deferred Account, or that Claimant's testimony was not credible with regard to the belief that the three retirement accounts had been rolled over into one, there would be no question as to whether the record supported such a ruling. However, here the ruling is based on a factual finding not supported by the record. Accordingly, the Court finds the bankruptcy court committed clear error. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 & n. 21 (9th Cir.2009).

//

//

## CONCLUSION

For the reasons set forth above, the Court **VACATES** the Bankruptcy court's order sustaining the Trustee's objection to the claim of exemption for the SWS Deferred Comp account and **REMANDS** the case for further proceedings to determine whether Debtor provided the Trustee with documents sufficient to permit her to complete her investigation into whether (1) the SWS Deferred Comp account qualifies for exemption under Cal. Civ. Code § 703.140(b)(10)(E) and (2) whether Claimant misused the funds in the SWS Deferred Comp account.

**IT IS SO ORDERED**.

DATED: September 30, 2019

                                               HON. JOHN A. HOUSTON
                                               UNITED STATES DISTRICT JUDGE